**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| JOHN CUNNINGHAM, *individually, and on behalf of all others similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> FOOD FOR THE POOR, INC. <br><br> Defendant. | Case No. 25-CV-60973-RS |
| LISA CAPPS, *individually, and on behalf of all others similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> FOOD FOR THE POOR, INC. <br><br> Defendant. | Case No. 25-CV-60976-RS |

**ORDER GRANTING IN PART PLAINTIFFS' MOTION TO CONSOLIDATE
ACTIONS AND APPOINT INTERIM CO-LEAD CLASS COUNSEL**

This matter is before the Court on Plaintiffs' Joint Motion to Consolidate Cases and Appoint Interim Co-Lead Class Counsel [DE 15 in Case No. 25-60973-CIV] ("Motion"), filed pursuant to Federal Rules of Civil Procedure 42 and 23(g). The Complaints in both actions involve the same issues of fact and law, grow out of the same alleged data breach involving Defendant, Food for the Poor, Inc. ("Food for the Poor" or "Defendant"), have the same claims, and have proposed class definitions that will encompass the same persons. Thus, the Court finds that the cases have sufficient commonality of issues and parties to warrant consolidation. The Court further finds that the benefits of consolidation are not outweighed by any risk of prejudice or jury

confusion. The effect of such consolidation will be judicial economy and preserving the Parties' resources, as well as avoiding disparate rulings in separate actions.

Federal Rule of Civil Procedure 23(g)(3) authorizes the appointment of interim class counsel, instructing that a court "may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). As explained in the Advisory Committee Notes accompanying the Rule, "in many cases the need to progress toward the certification determination" or to otherwise "protect the interests of the putative class" "may require designation of interim counsel." Fed. R. Civ. P. 23, Advisory Committee Notes. In particular, as set forth in the *Manual for Complex Litigation (4th)* ("Manual"), appointment of interim counsel may be appropriate after consolidation of actions to achieve efficiency and economy, without jeopardizing fairness to the parties. § 21.11.

Although Rule 23(g)(3) is silent as to the standards for appointing interim counsel, "courts generally look to the same factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A)." *In re Univ. of Miami COVID-19 Tuition & Fee Refund Litig.*, 2020 WL 13561433, at *1; *see also In re: Disposable Contact Lens Antitrust.*, No. 3:15-MD-2626-J-20JRK, 2015 WL 10818781, at *1 (M.D. Fla. Oct. 7, 2015) (factors used to determine adequacy of class counsel under Rule 23(g)(1) "appl[y] equally to the appointment of interim lead counsel before certification"); *Crowe v. Managed Care of North America, Inc., d/b/a MCNA Dental*, Case No. 0:23-cv-61065, ECF No. 90 (S.D. Fla. Sept. 27, 2023).

Rule 23(g)(1)(A) provides, in relevant part, that in appointing class counsel a court must consider the following factors:

    (i)    the work counsel has done in identifying or investigating potential claims in the action;

    (ii)    counsel's experience in handling class actions, other complex litigation, and

        the types of claims asserted in the action;

(iii)    counsel's knowledge of the applicable law; and

(iv)    the resources that counsel will commit to representing the class.

Moreover, under Rule 23(g)(4), lead class counsel "must fairly and adequately represent the interests of the class." Thus, in addition to the above factors, a court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

As detailed in the Motion, Jeff Ostrow and Mariya Weekes are sufficiently experienced and qualified to co-lead this litigation. They are experienced attorneys who have filed and prosecuted numerous cases in this District, including data breach cases. All of the 23(g)(1)(A) factors support Plaintiffs' request that the Court appoint Jeff Ostrow and Mariya Weekes as Interim Co-Lead Class Counsel.

Accordingly, because the Court finds that the Related Actions have sufficient commonality of law and fact and consolidation does not increase the risk of an unfair outcome, it is

**ORDERED** that Plaintiffs' Joint Motion to Consolidate Cases and Appoint Interim Co-Lead Class Counsel [DE 15 in Case No. 25-60973-CIV] is **GRANTED in part** as follows:

1.    *John Cunningham v. Food for the Poor, Inc.,* Case No. 25-CV-60973-RS and *Lisa Capps v. Food for the Poor, Inc,* Case 25-CV-60976-RS shall be consolidated pursuant to Federal Rule of Civil Procedure 42 under Case No: 25-CV-60973-RS (the "Consolidated Action").

2.    All papers filed in the Consolidated Action shall be filed under Case No. 25-CV-60973-RS and shall bear the following caption: *In re Food for the Poor, Inc., Data Breach Litigation*.

3.    The Court hereby appoints Jeff Ostrow of Kopelowitz Ostrow P.A. and Mariya

3

Weekes of Milberg Coleman Bryson Phillips Grossman PLLC as Interim Co-Lead Counsel to act on behalf of the Plaintiffs and the putative Class with the following responsibilities and sole authority to:

a) Coordinating the work of preparing and presenting all of Plaintiffs' claims and otherwise coordinating all proceedings on behalf of Plaintiffs, including organizing and supervising the efforts of Plaintiffs' counsel in a manner to ensure that Plaintiffs' pretrial preparation is conducted effectively, efficiently, expeditiously, and economically;

b) Delegating work responsibilities and monitoring the activities of all Plaintiffs' counsel in a manner to promote the orderly and efficient conduct of this litigation and to avoid unnecessary duplication and expense;

c) Calling meetings of Plaintiffs' counsel for any appropriate purpose, including coordinating responses to questions of other parties or of the Court, and initiating proposals, suggestions, schedules, and any other appropriate matters;

d) Determining (after consultation with other co-counsel as may be appropriate) and presenting (in briefs, oral argument, or such other fashion as he or his designee may deem appropriate) to the Court and opposing parties the position of the Plaintiffs on all matters arising during pretrial (and, if appropriate, trial) proceedings;

e) Serving as the primary contact for all communications between Plaintiffs and counsel for Defendant, and acting as spokespersons for all Plaintiffs vis-à-vis Defendant and the Court;

f) Directing and executing on behalf of Plaintiffs the filing of pleadings and other documents with the Court;

g) Appearing at all court hearings and conferences regarding the case as most appropriate for effective and efficient representation, and speaking for Plaintiffs at all such hearings and conferences;

h) Receiving and initiating communication with the Court and the Clerk of the Court (including receiving orders, notices, correspondence, and telephone calls) and dispensing the content of such communications among Plaintiffs' counsel;

i) Initiating and conducting discussions and negotiations with counsel for Defendant on all matters, including settlement with Defendant;

j) Agreeing on settlement, including all material terms, for any settlement that involves or releases the claims of any of the putative class members;

k) Negotiating and entering into stipulations with counsel for Defendant as necessary for the conduct of the litigation;

l) Initiating, coordinating, and conducting all discovery on Plaintiffs' behalf and ensuring its efficiency;

m) Selecting, consulting with, and employing experts for Plaintiffs, as necessary;

n) Encouraging and enforcing efficiency among Plaintiffs' counsel;

o) Assessing Plaintiffs' counsel for the costs of the litigation;

p) Preparing and distributing periodic status reports on behalf of Plaintiffs to the Court and to the parties as ordered;

q) Developing and recommending for Court approval practices and procedures pertaining to attorneys' fees and expenses on behalf of Plaintiffs as further detailed below and, on an ongoing basis, monitoring and administering such procedures. At such time as may

be appropriate, Co-Lead Class Counsel also will recommend apportionment and allocation of fees and expenses on behalf of Plaintiffs subject to Court approval; and,

r) Performing such other duties as are necessary in connection with the prosecution of this litigation or as may be further directed by the Court.

4. Unless otherwise ordered by the Court upon a showing of good cause, this Order shall apply to the above-referenced matters, and any other action filed in, transferred to, or removed to the Court which relates to the subject matter at issue in this case.

5. Plaintiffs in the Consolidated Action shall file an operative, Consolidated Class Action Complaint by **July 14, 2025**. Defendant need not respond to any of the previously filed complaints in the Related Actions and shall respond to the operative Consolidated Class Action Complaint by **August 4, 2025.**

6. The Clerk is directed to **Administratively Close** Case No. 25-CV-60976.

**DONE AND ORDERED** in Ft. Lauderdale, Florida this 24th day of June, 2025.

_____
RODNEY SMITH
UNITED STATES DISTRICT JUDGE

Copies to counsel of record