**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

Case No.  25-CV-60973-RS

In re:

**FOOD FOR THE POOR, INC., DATA**
**BREACH LITIGATION**
_____/


**DEFENDANT FOOD FOR THE POOR'S MOTION TO DISMISS PLAINTIFFS'**
**CONSOLIDATED AMENDED CLASS ACTION COMPLAINT AND INCORPORATED**
<u>**MEMORANDUM OF LAW**</u>

# **TABLE OF CONTENTS**

I.      Preliminary Statement...................................................................................... 1

II.     Factual Allegations............................................................................................ 2

III.    Memorandum of Law ........................................................................................ 4

        A.      Legal Standard ...................................................................................... 4

        B.      Argument ............................................................................................... 5

                1.      Plaintiffs' Negligence Claim Should be Dismissed .................................. 6

                2.      Plaintiffs' Breach of Implied Contract Claim Should be Dismissed ........ 13

                3.      Plaintiffs' Declaratory Judgement Claim Should Be Dismissed .............. 17

IV.     Conclusion ........................................................................................................ 20

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

<u>Cases</u>

*Aldrich v. Young*,
 2013 WL 3802436 (D. Mass. 2013) ....................................................................... 19

*Am. Dental Ass'n v. Cigna Corp.*,
 605 F.3d 1283 (11th Cir. 2010) ............................................................................. 5

*Am. Optical Corp. v. Spiewak*,
 73 So. 3d 120 (Fla. 2011) ....................................................................................... 6

*Ashcroft v. Iqbal*,
 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ................................ 5, 12

*Attias v. CareFirst, Inc.*,
 365 F. Supp. 3d 1 (D.D.C. 2019) ........................................................................... 9

*Baker v. Akumin Corp.*,
 2024 WL 1931480 (S.D. Fla. Apr. 16, 2024) ........................................................ 8

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) .................................... 5

*Brush v. Miami Beach Healthcare Group Ltd.*,
 238 F. Supp. 3d 1359 (S.D. Fla. 2017) ............................................................ 14, 15

*Burgess v. Royal Caribbean Cruises Ltd.*,
 No. 20-20687, 2020 U.S. Dist. LEXIS 188606 (S.D. Fla. Oct. 9, 2020) ............... 12

*Cahill v. Mem'l Heart Inst., LLC*,
 2024 WL 4311648 (E.D. Tenn. Sept. 26, 2024) ................................................... 19

*Casey v. Bank of Am., N.A.*,
 2014 WL 12580515 (S.D. Fla. Mar. 12, 2014) ..................................................... 16

*Com. P'ship 8098 Ltd. P'ship v. Equity Contracting Co.*,
 695 So. 2d 383 (Fla. Dist. Ct. App. 1997) ........................................................... 15

*Cravens v. Garda CL Se., Inc.*,
 2024 WL 5058304 (S.D. Fla. Dec. 9, 2024) .................................................... 14, 15, 19

*Desue v. 20/20 Eye Care Network, Inc.*, No. 21-CIV-61275-RAR,
 2022 WL 796367 (S.D. Fla. Mar. 15, 2022) ........................................................ 12

*Dragash v. Fed. Nat'l Mortg. Ass'n*,
 700 F. App'x 939 (11th Cir. 2017) ................................................................. 5

*Eagle-Picher Indus., Inc. v. Cox*,
 481 So. 2d 517 (Fla. Dist. Ct. App. 1985) ..................................................... 8

*Emory v. Peeler*,
 756 F.2d 1547 (11th Cir. 1985) ..................................................................... 18

*Fisher v. Harley-Davidson Motor Group, LLC*,
 2019 WL 8014364 (S.D. Fla. Oct. 18, 2019) ................................................. 20

*Fitzgerald v. McNae*,
 2025 WL 947633 (S.D. Fla. Mar. 28, 2025) .................................................. 16

*Gellert v. E. Air Lines, Inc.*,
 370 So.2d 802 (Fla. 3d DCA 1979) ............................................................... 16

*Holt v. Crist*,
 233 F. App'x 900 (11th Cir. 2007) ................................................................. 19

*IBP, Inc. v. Hady Enters.*, Inc.,
 267 F. Supp. 2d 1148 (N.D.Fla.) .................................................................... 10

*In re Brinker Data Incident Litig.*,
 2020 WL 691848 (M.D. Fla. Jan. 27, 2020) ...................................... 6, 9, 15, 16

*In re Chiquita Brands Int'l, Inc.*,
 284 F. Supp. 3d 1284 (S.D. Fla. 2018) .......................................................... 10

*In re Fortra File Transfer Software Data Sec. Breach Litig.*,
 749 F. Supp. 3d 1240 (S.D. Fla. 2024) .....................................................Passim

*In re Mednax Services, Inc.,* Customer Data Sec. Breach Litig.,
 603 F. Supp. 3d 1183 (S.D. Fla. 2022) .....................................................Passim

*Krottner v. Starbucks Corp.*,
 406 Fed. Appx. 129 (9th Cir. 2010) ................................................................. 8

*Lincoln v. Fla. Gas Transmission Co. LLC*,
 608 F. App'x 721 (11th Cir. 2015) ............................................................... 6, 7

*Lipkin v. Norwegian Cruise Line Ltd.*,
 93 F. Supp. 3d 1311 (S.D. Fla. 2015) ........................................................... 10

*Mack v. USAA Cas. Ins. Co.*,
    994 F.3d 1353 (11th Cir. 2021) ................................................................ 18, 19

*MedImmune, Inc. v. Genentech, Inc.*,
    549 U.S. 118 (2007) ................................................................................ 18

*Mink v. Smith & Nephew, Inc.*,
    860 F.3d 1319 (11th Cir. 2017) .............................................................. 13

*Reed v. Royal Caribbean Cruises, Ltd,* No. 19-24668-CIV,
    2021 WL 2592914 (S.D. Fla. Apr. 23, 2021) ......................................... 12

*Resnick v. AvMed, Inc.*,
    693 F.3d 1317 (11th Cir. 2012) ........................................................ 11, 13

*Tierney v. Black Bros. Co.*,
    852 F. Supp. 994 (M.D. Fla. 1994) ........................................................ 12

*TransUnion LLC v. Ramirez*,
    594 U.S. 413 (2021) ................................................................................ 18

*Tsao v. Captiva MVP Rest. Partners, LLC*,
    986 F.3d 1332 ........................................................................................... 8

*Weiland v. Palm Beach Cnty. Sheriff's Office*,
    792 F.3d 1313 (11th Cir. 2015) .............................................................. 11

**Statutes**

28 U.S.C. § 2201 ............................................................................................ 18

28 U.S.C. § 2202 ............................................................................................ 18

**Rules**

Fed. R. Civ. P. 8(a) .......................................................................................... 6

Fed. R. Civ. P. 8(a)(2) ..................................................................................... 4

Fed. R. Civ. P. 12(b)(6) ........................................................................... Passim

**Regulations**

45 CFR § 160.102 ..................................................................................... 16, 17

45 CFR § 160.103 ................................................................................................................ 17

Defendant Food for the Poor, Inc. ("Food for the Poor"), by and through its undersigned counsel, respectfully submits this Incorporated Memorandum of Law pursuant to S.D. Fla. L.R. 7.1(a) to support its Motion to Dismiss the Consolidated Amended Class Action Complaint ("Complaint" or "Compl.") filed by Plaintiffs John Cunnigham and Lisa Capps ("Plaintiffs") pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. For the reasons set forth herein, Food for the Poor's motion should be granted.

## I.   <u>PRELIMINARY STATEMENT</u>

Food for the Poor is one of the largest international relief and development organizations in the nation that feeds millions of hungry children and families living in poverty throughout Latin America and the Caribbean. Food for the Poor also provides services related to emergency relief assistance, water, medicine, educational materials, homes, support for vulnerable children, care for the elderly, skills training, and micro-enterprise development assistance.

On or about September 6, 2024, Food for the Poor identified unusual activity on its network and immediately initiated an investigation. In conjunction with its investigation, Food for the Poor undertook efforts to ensure the security of its network environment. Through its investigation, Food for the Poor determined that an unauthorized criminal actor(s) accessed a portion of its network between September 2, and September 6, 2024 (the "Event").

Consequently, Food for the Poor completed an additional analysis to determine the impact to information as a result of the Event for purposes of providing notifications. This action stems from the notifications provided by Food for the Poor whereby the Plaintiffs allege, individually and on behalf of others similarly situated, that the Event has caused and will cause them injuries upon which they are owed relief.  Plaintiffs bring causes of action for negligence, breach of implied contract, and declaratory judgment.

As discussed below, Plaintiffs' Complaint should be dismissed in its entirety because they fail to state a claim for which relief may be granted under Federal Rule of Civil Procedure 12(b)(6). Plaintiffs fail to establish the elements of recoverable damages or causation for their negligence claim, fail to demonstrate the existence or breach of any implied contractual terms, and fail to meet the elements necessary for declaratory judgment.

## II.   FACTUAL ALLEGATIONS

Plaintiffs are seeking to represent a nationwide class of individuals residing in the United States "whose 'Private Information' was impacted by the [alleged] Data Breach, including all those who received Notice Letters." Compl. ¶ 158. Plaintiffs plead that they and putative class members are current and former employees, family members of employees, or individuals who made donations to Food for the Poor. *See id.* at ¶ 4. Plaintiffs allege that in order to obtain and facilitate employment benefit programs from Food for the Poor or to make charitable donations to Food for the Poor, they had to entrust Food for the Poor with their personally identifiable information ("PII") and protected health information ("PHI"), which the Complaint references collectively as "Private Information." *See id.* at ¶ 1 and 4. Based on the notifications provided by Food for the Poor on April 4, 2025 regarding the Event, Plaintiffs allege that Food for the Poor failed to properly secure and safeguard Plaintiffs' and fifty-two thousand two hundred eighty-six (52,286) class members' Private Information; failed to timely provide notice of the Event; failed to adequately protect Plaintiffs' and class members' Private Information; and failed to encrypt or redact Private Information. *See id.* at ¶¶ 1, 8-12.

Plaintiff Cunningham alleges that he provided his Private Information to Food for the Poor to receive employee benefits. *Id.* at ¶ 137. He alleges that he received a notice letter from Food for the Poor on April 4, 2025, informing him that his Private Information, including name and Social

Security number, was accessed and exposed as a result of the alleged data breach. *Id.* at ¶ 141; *see also* Exhibit A, 2, ECF No. 20-1. Upon notice, Plaintiff Cunningham alleges that he has made reasonable efforts to mitigate the impact of the alleged data breach, including but not limited to researching the alleged data breach and reviewing financial account statements for any indications of actual or attempted identity theft or fraud, which is valuable time he otherwise would have spent on other activities. *Id.* at ¶ 142. Plaintiff Cunningham's alleged injuries include: (i) loss of time and money in addressing and mitigating harms caused by the alleged data breach; (ii) present and increased risk of identity theft and fraud; (iii) alerts (at an unspecified time) informing him that his Social Security number and email address appeared on the Dark Web; (iv) spam communications about loans (though no allegation that a loan was actually fraudulently applied for or taken out), including from personal loan and car lenders; (v) notice that an unknown individual with an IP address in Germany attempted to access his financial account (which he does not plead was impacted by the Event), which he subsequently closed; (vi) fear, anxiety, and stress about the security of his Private Information; and (vii) increase in spam calls. *See id.* at ¶¶ 143-148.

Plaintiff Capps alleges that Food for the Poor obtained her Private Information in the course of conducting its regular business operation. *Id.* at ¶ 149. She alleges that she received a notice letter from Food for the Poor on April 4, 2025, informing her that her name, passport number, financial account number/information, and Social Security number, was accessed and exposed as a result of the alleged data breach. *See id.* at ¶ 153; *see also* Exhibit A, 5, ECF No. 20-1. Upon notice, Plaintiff Capps has made reasonable efforts to mitigate the impact of the alleged data breach, including but not limited to researching the alleged data breach and reviewing financial account statements for any indications of actual or attempted identity theft or fraud, which is valuable time she otherwise would have spent on other activities. *See id.* at ¶ 154. Plaintiff Capps'

alleged injuries include: (i) loss of time and money in addressing and mitigating harms caused by the alleged data breach; (ii) present and increased risk of identity theft and fraud; and (iii) fear, anxiety, and stress about the security of her Private Information. *See id.* at ¶¶ 155-157.

The Complaint asserts that Plaintiffs and the proposed class members suffered injury and damages as a result of the alleged data breach in the form of: (i) the risk of or occurrence of their Private Information being subject to dissemination on the Dark Web; (ii) continued risk to Private Information and identity theft, misuse, or fraud; (iii) invasion of privacy; (iv) financial costs incurred mitigating the materialized risk and imminent threat of identity theft; (v) loss of time and productivity to mitigate risk and imminent threat of identity theft; (vi) costs and time lost as a result of actual identity theft; (vii) diminution in value of Private Information; (viii) loss of the benefit of the bargain; (ix) emotional distress, including anxiety and stress, (x) decrease in credit scores and ratings; (xi) compromise, disclosure, theft, unauthorized use of Plaintiffs' and class members' Private Information; and (xii) nominal and general damages (economic and non-economic). *See id.* at ¶¶ 93-136; 204, and 223-24.

Plaintiffs' relief for the abovementioned injuries stem from the following causes of action as alleged in the Complaint: (1) Negligence; (2) Breach of an Implied Contract; and (3) Declaratory Judgment.

### III.   <u>MEMORANDUM OF LAW</u>

#### A.  <u>Legal Standard</u>

A complaint, according to Fed. R. Civ. P. 8(a)(2), must contain, "a short and plain statement of the claim showing that the pleader is entitled to relief."  As such, when reviewing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for "failure to state a claim upon which relief can be granted", a court must review a plaintiff's complaint to determine whether the facts pled are

"enough…to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). As further clarified in *Ashcroft v. Iqbal*, "the pleading standard Rule 8 announces does not require 'detailed factual allegations'…[but a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 555 and 557, 127 S.Ct. at 1964-65 and 1966).

Consequently, to survive a motion to dismiss, a complaint must plead facts that allows a court to infer "more than the mere possibility of misconduct" by the defendant. *See Dragash v. Fed. Nat'l Mortg. Ass'n*, 700 F. App'x 939, 943 (11th Cir. 2017) ("[f]actual allegations that do not permit the court to infer more than the mere possibility of misconduct are insufficient."); *see also Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010). A court will "accept as true all factual allegations contained in the complaint, and plaintiffs should receive the benefit of all favorable inferences that can be drawn from the facts alleged." *In re Fortra File Transfer Software Data Sec. Breach Litig.*, 749 F. Supp. 3d 1240, 1256 (S.D. Fla. 2024) (citing *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949).

However, the court is not "bound to accept as true a legal conclusion couched as a factual allegation". *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1950. Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965 (internal citation omitted).

### B.  Argument

The causes of action outlined in Plaintiffs' Complaint fail to state a claim upon which relief should be granted.  Many of Plaintiffs' claims exemplify the naked assertions devoid of factual enhancement that has been found inadequate, while the Plaintiffs' minimally supported assertions do not rise to the level necessary to state a claim. As such, dismissal of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) is appropriate. Also, Plaintiffs' Complaint is insufficiently pled, where the claims for relief are not plausible on their face or rise above a speculative level as required under Fed. R. Civ. P. 8(a). In particular, the Complaint fails to plead facts to support its claim for negligence, breach of implied contract, and a declaratory judgment, as further discussed below.

### 1.   Plaintiffs' Negligence Claim Should be Dismissed

Under Florida law,[1] to succeed in a claim of negligence, a plaintiff needs to establish, "(1) a duty, or obligation, recognized by the law, requiring the defendant to conform to a certain standard of conduct, for the protection of others against unreasonable risks; (2) a failure on the defendant's part to conform to the standard required, i.e., a breach of the duty; (3) a reasonably close causal connection between the conduct and the resulting injury (proximate cause and cause in fact); and (4) actual loss or damage." *Lincoln v. Fla. Gas Transmission Co. LLC*, 608 F. App'x 721, 722–23 (11th Cir. 2015) (internal citations omitted).

First, Plaintiff has not suffered any actual loss or damage to support a negligence claim. Florida law requires "some actual harm." *In re Brinker Data Incident Litig.*, No. 3:18-CV-686-J-32MCR, 2020 WL 691848, at *8 (M.D. Fla. Jan. 27, 2020) (citing *Am. Optical Corp. v. Spiewak*,

---

[1] As both named-Plaintiffs, and Defendant, are Florida residents, and the allegations and alleged injuries discussed in the Complaint presumably took place in Florida, Defendant contends that Florida's substantive law applies at the Motion to Dismiss stage.  *See In re Mednax Services, Inc.,* Customer Data Sec. Breach Litig., 603 F. Supp. 3d 1183, 1198-1199 (S.D. Fla. 2022) (re-iterating that Florida applies the "most significant relationship" for tort claims).

73 So. 3d 120, 127 (Fla. 2011)). As asserted in *Lincoln,* proof of actual loss or damage is required to allege a negligence claim, 608 F. App'x at 723.

Here Plaintiffs do not plead any loss or cognizable damage. Rather, Plaintiffs' allegations of harm are generic, speculative, conclusory, unsupported by their own pleadings, or not recognized under Florida law. For instance, Plaintiffs claim their damages include "monetary loss…illegal sale" of their information, "decrease in credit scores," among other things that that constitute 'naked assertion[s]' devoid of 'further factual enhancement' and thus insufficient under the *Twombly* standard (*see*, *Supra* pages 5-6).

While Plaintiffs plead a litany of conclusory and unsupported allegations, their actual experiences are limited. *See* Compl. ¶¶ 137-157. Focusing on their actual experiences, Plaintiff Capps makes no specific allegation asserting fraud or misuse of her information, only that she received a notice letter, spent time reviewing account statements, "anticipates" spending time on mitigation in the future, and suffer from fear, anxiety and stress. *See id.* at ¶¶ 155-157.  Without more, such claims do not constitute sufficient damages to proceed.

Plaintiff Cunningham claims an undated attempted access to a financial account, information which is not alleged to have been impacted, *See id.* at ¶ 141, and for which no monetary loss occurred.  He also pleads non-specific and undated increases in spam calls from lenders and an undated dark web alert, none of which have resulted in monetary or other loss. *See id.* at ¶ 141.  There is no allegation that data from this incident was found on the dark web or that the dark web alert related to the same records impacted here. Notably, while Cunningham claims he received calls and communications about "loans he did not apply for", *Id.*, he does not allege that any loan or application was made in his name, and as pled the allegation appears to be

indistinguishable from potentially receiving a marketing or advertising letter about the ability to take out a loan, which are ubiquitous and not evidence of fraud.

As Plaintiffs have not plead any monetary loss, most of their claims relate to alleged future actions or self-imposed mitigation efforts. Florida courts have consistently held that mere enhanced risk of future harm, and accompanying self-imposed mitigation efforts, is not a present compensable injury and have dismissed similar claims for these reasons. *See Eagle-Picher Indus., Inc. v. Cox*, 481 So. 2d 517, 520 (Fla. Dist. Ct. App. 1985); *Tsao v. Captiva MVP Rest. Partners, LLC*, 986 F.3d 1332 (holding that plaintiffs cannot manufacture harm through mitigation efforts unless future harm is "certainly impending"), *Baker v. Akumin Corp.*, No. 0:23-CV-62396, 2024 WL 1931480, at *4 (S.D. Fla. Apr. 16, 2024).[2]  Like the aforementioned cases dismissing other actions, and unlike those that have allowed such cases to proceed, Plaintiffs fail to put forth any actions that were actually necessary as a result of the Event or provide a claim of specific economic damages (*i.e.* fraudulent tax returns or actual fraudulent financial transactions).  Further they fail to allege any actual misuse of their information which some other courts have held were sufficient.

While *Tsao* and *Baker* dismissed claims for lack of standing, which is not synonymous with a damages analysis for negligence, there is overlap. *In re Mednax Services, Inc., Customer Data Sec. Breach Litig.*, 603 F. Supp. 3d 1183, 1224 (S.D. Fla. 2022). In fact, some courts have determined, in data breach class actions, that "actual damages" under a negligence claim is a more difficult standard for plaintiffs to meet than the "injury-in-fact" threshold required for Article III standing. *Krottner v. Starbucks Corp.*, 406 Fed. Appx. 129, 131 (9th Cir. 2010) (the Ninth Circuit Court of Appeals found that Plaintiffs satisfied the "injury-in-fact" requirement for Article III

---

[2] While *Tsao* and *Baker* dismissed claims for lack of standing, which is not synonymous with a damages analysis for negligence, there is overlap. *In re Mednax Services, Inc., Customer Data Sec. Breach Litig.*, 603 F. Supp. 3d 1183, 1224 (S.D. Fla. 2022).

standing but failed to allege "actual loss or damage" to sustain a negligence claim.); s*ee also Attias v. CareFirst, Inc*., 365 F. Supp. 3d 1, 17 (D.D.C. 2019), *on reconsideration in part*, 518 F. Supp. 3d 43 (D.D.C. 2021) (where, after the D.C. Court of Appeals determined that plaintiffs had standing and remanded the case, the District Court dismissed most claims, including all negligence claims, except for one party who alleged actual tax-refund fraud).  While these cases do not analyze Florida law, each state's law requires "actual loss or damage", consistent with the requirements under Florida law.

Similarly, these allegations fail to meet the threshold of "actual harm" required to support a negligence claim under Florida law because Plaintiffs fail to put forth specific instances providing a date, time, and the precise loss suffered by them. Other Courts in this District have found "actual harm" is satisfied when the Plaintiffs suffer actual identity theft or fraud; however, the Plaintiffs make no such allegation here. *See In re Brinker Data Incident Litig.*, No. 3:18-CV-686-J-32MCR, 2020 WL 691848, at *8 (court found plaintiffs allegations of incurred fraudulent charges on their payment cards was sufficient to withstand a motion to dismiss); *see also  In re Mednax Servs., Inc., Customer Data Sec. Breach Litig.*, 603 F.Supp.3d at 1224 (where Plaintiffs allege that directly after the breach, their information was found for sale on the dark web, that it was the same information provided to the medical providers, and that twelve (12) bank accounts were opened in Plaintiff's name, among other harms). Finding the Plaintiffs alleged harm as pled in the Complaint as sufficient would expand the "actual harm" standard and contravene the standard previously set by courts.

Further, even if Plaintiffs had suffered "some actual harm," Plaintiffs fail to show any causation between the incident and the alleged harm. To establish causation for a negligence claim, a plaintiff needs to show proximate cause and causation in fact. Proximate cause, under Florida

law, is, "that cause which, in natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury, and without which the result would not have occurred". *IBP, Inc. v. Hady Enters.*, Inc., 267 F. Supp. 2d 1148, 1161 (N.D.Fla.), aff'd sub nom. *IBP, Inc. v. Hady Enters.*, 52 F. App'x 487 (11th Cir. 2002). To demonstrate causation in fact, Plaintiff must show that "defendant's act or omission was a cause-in-fact of the plaintiff's claimed injury…[in other words it] starts with inquiry into whether there is 'such a natural, direct and continuous sequence' between the negligent act and the plaintiff's injury, that it can be reasonably said, 'but for' the act or omission, the injury would not have occurred." *In re Chiquita Brands Int'l, Inc.*, 284 F. Supp. 3d 1284, 1310–11 (S.D. Fla. 2018); *see also Lipkin v. Norwegian Cruise Line Ltd.*, 93 F. Supp. 3d 1311, 1329 (S.D. Fla. 2015).

Here, Plaintiffs fail to allege the casual connection between the alleged injuries and the Event. The Complaint does not provide any indication on how Plaintiffs concluded that the Event is the natural and continuous cause that produced the injury alleged by Plaintiffs, and without the Event, the alleged injuries would not have occurred. As stated above, there is an absence of allegations showing a nexus between the Event and the alleged harm, an absence of any allegation that the "dark web alert" related to records taken from Food for the Poor (which the Court in *Mednax* found persuasive), and an absence of any allegation that the communications and spam regarding loans was anything more than standard, ubiquitous spam and "offers for pre-approval."

The Complaint does not even clearly plead allegations of time and sequence, as Plaintiff Cunningham does not specify when these alleged spam calls, unrelated bank account issues, and dark web alerts occurred. The Eleventh Circuit previously held allegations of time sequence, without more, as insufficient. In *Resnick v. AvMed, Inc.*, the court held that "pleadings must include allegations of a nexus between [a data breach and the alleged injuries] beyond allegations of time

10

and sequence." 693 F.3d 1317, 1326 (11th Cir. 2012); *see also In re Mednax Servs., Inc., Customer Data Sec. Breach Litig.*, 603 F. Supp. 3d at 1223–24 (causation sufficiently pled based on allegations that plaintiffs' PII/PHI was available for purchase on the dark web, plaintiffs suffered actual identity theft after the event, and plaintiffs had previously used reasonable precautions to protect their PII/PHI). The *Resnick* Court noted that "[h]ad Plaintiffs alleged fewer facts, we doubt whether the Complaint could have survived a motion to dismiss." *Resnick*, 693 F.3d 1317, 1327.

Finally, Plaintiffs' negligence claim is an impermissible shotgun pleading. One type of shotgun pleading, as defined by the Eleventh Circuit, "is one that commits the sin of not separating into a different count each cause of action or claim for relief." *Weiland v. Palm Beach Cnty. Sheriff's Office,* 792 F.3d 1313, 1323 (11th Cir. 2015). Plaintiffs' negligence count includes, within one count, allegations that Food for the Poor breached common law duties, duties under three separate statutes (the Health Insurance Portability and Accountability Act ("HIPAA"), the Health Information Technology for Economic and Clinical Health Ac ("HITECH"), and the Federal Trade Commission Act ("FTC Act")), failed to properly protect data, failed to timely provide notices, failed to adequately require employees and contractors to take certain action, and failed to train employees (Compl. ¶ 196(l)), among other things. By Food for the Poor's count, Plaintiffs argue that Food for the Poor breached alleged duties of care, which allegedly derive from common law and three separate statutes, in at least twenty separate ways. *See id.* at ¶¶ 176, 182-184, 187, 189-190, 195-196.

Here, Plaintiffs appear to be attempting to comingle a negligence *per se* cause of action under a negligence action; however, neither the FTC Act nor HIPAA/HITECH provide for a provide right of action and cannot be used as the basis for a negligence *per se* claim. *In re Fortra File Transfer Software Data Sec. Breach Litig.*, 749 F. Supp. 3d at 1264. If Plaintiffs are alleging

that the statutes created a duty, which they are, *see* ¶ Compl. 74 and 81, then the appropriate action is negligence per se, not negligence. *See Tierney v. Black Bros. Co.*,852 F. Supp. 994, 1000 (M.D. Fla. 1994).

Plaintiffs also allege negligent training, which Florida courts have found that such pleading is impermissible. In *Desue v. 20/20 Eye Care Network, Inc*., the Court dismissed the pleading because, "for instance, Plaintiffs allege that [d]efendants breached both common law and statutory duties." No. 21-CIV-61275-RAR, 2022 WL 796367, at *7 (S.D. Fla. Mar. 15, 2022). In *Reed v. Royal Caribbean Cruises, Ltd,* the Court dismissed the Complaint *sua sponte*, finding that it "epitomizes a form of 'shotgun' pleading'" in that it alleges eleven separate ways in which defendant breached its duty of care. No. 19-24668-CIV, 2021 WL 2592914, at *8 (S.D. Fla. Apr. 23, 2021).  The *Desu*e Court also noted that "negligent supervision and negligent training are separate claims which must be pled separately." No. 21-CIV-61275-RAR, 2022 WL 796367 at *7. (citing *Burgess v. Royal Caribbean Cruises Ltd.,* No. 20-20687, 2020 U.S. Dist. LEXIS 188606, at *4-5 (S.D. Fla. Oct. 9, 2020) (in which the Court dismissed claims for "Negligent Hiring, Selection, Retention, Monitoring and Training" as impermissible shotgun pleading since "[t]hese counts combine different causes of action that have distinct elements of law and require different findings"). Likewise, by comingling multiple common law and statutory allegations, along with multiple different ways in which Food for the Poor allegedly breached these duties, Plaintiffs' claim constitutes an impermissible shotgun pleading.

To conclude, the Complaint fails to plead facts showing that the alleged harms, injuries, and resulting damages stem from the Event. The Complaint provides only "naked assertions devoid of further factual enhancement", *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949, to support Plaintiffs' alleged damages and how they were caused by Food for the Poor. Therefore, for the

aforementioned reasons, Plaintiffs' negligence claim fails pursuant to Fed. R. Civ. P. 12(b)(6) and should be dismissed with prejudice.

### 2. Plaintiffs' Breach of Implied Contract Claim Should be Dismissed

Plaintiffs allege that Food for the Poor agreed to "safeguard and protect...information and to timely and accurately notify Plaintiffs and Class Members if and when their data had been breached and compromised", and that Food for the Poor further agreed to comply with requirements of HIPAA-HITECH, statutes which are inapplicable here. *See* Compl. ¶¶ 207, 218-21. According to Plaintiffs, there was an alleged agreement akin to an iron-clad promise to prevent data breaches from occurring, which are criminal third-party acts, and, as Plaintiffs plead, are ubiquitous among even the world's largest companies. *Id.* at ¶¶ 56-58.  It would be essentially impossible for any entity to satisfy the conditions of this alleged contract, which, as demonstrated below, did not exist, and it is difficult to infer from Plaintiffs' pleadings that Food for the Poor agreed to be bound in such a way.

Under Florida law, a breach of an implied contract undergoes the same analysis of a breach of an express contract. *Resnick*, 693 F.3d at 1325.  As such, to establish a breach of contract, a plaintiff must show (1) existence of a contract; (2) a material breach of the contract by the defendant; and (3) damages resulting from the defendant's breach of the contract. *See Mink v. Smith & Nephew, Inc.*, 860 F.3d 1319, 1332 (11th Cir. 2017).  Additionally, "it is a fundamental principle of contracts that in order for a contract to be binding and enforceable, there must be a meeting of the minds on all essential terms and obligations of the contract." *In re Fortra File Transfer Software Data Sec. Breach Litig*, 749 F.Supp.3d at 1265.  To establish the existence of a contract under Florida law, the plaintiff must show offer, acceptance, consideration, and specificity in terms

of the contract." *Cravens v. Garda CL Se., Inc.*, No. 24-CV-80400-RLR, 2024 WL 5058304, at *8 (S.D. Fla. Dec. 9, 2024) (internal citations omitted).

The Plaintiffs fail to plead facts that show that there was an offer, acceptance, consideration, and meeting of the minds in regards to the obligations owed by Food for the Poor when it collected information from Plaintiffs and class members. In particular, the Complaint fails to allege Food for the Poor's conduct, actions, and/or correspondence with the Plaintiffs and class members that establishes the mutual agreement and intent of Food for the Poor to promise the alleged obligations as consideration for the information it received from Plaintiffs and class members. The information provided by Plaintiffs and class members was either to facilitate employment with Food for the Poor, facilitate an employee benefit, or facilitate a donation to Food for the Poor. The Complaint fails to provide supporting facts that Food for the Poor had the intent to obligate itself to other obligations outside those parameters.

Plaintiffs have not and cannot show the existence of any contract containing relevant terms that were breached by Food for the Poor here. Cases in this District have dismissed claims for breach of implied contract "where plaintiffs allege[d] no invitation or solicitation by [d]efendants indicating that [d]efendants implicitly assented to secure their PHI and PII in exchange for remuneration.'" *In re Fortra File Transfer Software Data Sec. Breach Litig.*, 749 F.Supp.3d at 1265. In *Fortra*, the Court dismissed the claim for breach of implied contract where the "[p]laintiffs' allegations reveal only that they provided their personal information as required to [] services from [d]efendants—not data security services beyond the privacy requirements already imposed on [d]efendants by federal law." 749 F.Supp.3d at 1266. Further, in *Brush,* plaintiffs, who were patients, alleged the existence of an implied contract in a data breach class action. The court held that "[n]othing in the [p]laintiff's Complaint gives rise to a factual inference that the

14

[d]efendants tacitly agreed to secure her personal data in exchange for remuneration. It is clear from the [p]laintiff's allegations that she transacted to receive healthcare services from the [d]efendants—not data security services beyond the privacy requirements already imposed on the [d]efendants by federal law." *Brush v. Miami Beach Healthcare Group Ltd.,* 238 F. Supp. 3d 1359, 1369 (S.D. Fla. 2017).

Like these cases, Plaintiffs here do not allege that Food for the Poor solicited their information for renumeration, nor that Food for the Poor received any benefit beyond the "economic benefit" of being able to "perform its services." Compl. ¶ 36.  The courts in *Fortra* and *Brush* clearly rejected the argument that – providing information, without some other offering of data privacy specific services for which consideration is provided, does not create the formation of an implied contract for data protection services.  Plaintiffs provided their time and services in exchange for wages; provision of their information facilitated their receipt of wages. Food for the Poor received no consideration as part of this alleged contractual term relating to the exchange of information; to the contrary, the Complaint suggests the provision of Plaintiffs' information benefited the Plaintiffs themselves, who received employee benefits and paychecks as a result. Finding otherwise would expand the bounds of implied contract beyond reasonable limits and its intended legal purpose, which is to "provide a remedy where one party was unjustly enriched, where that party received a benefit under circumstances that made it unjust to retain it without giving compensation." *Brush*, 238 F. Supp. 3d at 1369 (quoting *Com. P'ship 8098 Ltd. P'ship v. Equity Contracting Co.*, 695 So. 2d 383, 386 (Fla. Dist. Ct. App. 1997).

Cases finding the existence of an implied contract are distinguishable. *See In re Brinker Data Incident Litig.,* No. 3:18-CV-686-J-32MCR, 2020 WL 691848, at *5 (where the plaintiffs pled that they were "solicited and invited to…make purchases using credit cards") and *Cravens,*

15

No. 24-CV-80400-RLR, 2024 WL 5058304, at *9 (where the Court found the existence of a privacy policy and internal policy that allegedly included promises to undertake protection of their information as sufficient evidence of an implied contract).

Additionally, Florida law limits breach of contract damages to compensatory damages that "naturally flow from the breach [of the contract]". *In re Brinker Data Incident Litig.*, No. 3:18-CV-686-J-32MCR, 2020 WL 691848, at *6 (citations omitted)  (citing *Casey v. Bank of Am., N.A.*, No. 13-60983-CIV, 2014 WL 12580515, at *3 (S.D. Fla. Mar. 12, 2014), which held that plaintiff failed to satisfy the damages element of a breach of contract claim because the plaintiff alleged only possible negative impacts on his credit report and history and no "tangible pecuniary loss"). Further, "as a general rule, damages for mental distress caused by a breach of contract are not allowed under Florida law unless the breach amounts to an independent, willful tort." *Fitzgerald v. McNae*, No. 22-CV-22171, 2025 WL 947633, at *2 (S.D. Fla. Mar. 28, 2025); *see also Gellert v. E. Air Lines, Inc.*, 370 So.2d 802, 805 (Fla. 3d DCA 1979) ("under the law of Florida intentional infliction of mental distress is not actionable when not incident to or connected with an independent tort").  As discussed, *supra*, Plaintiffs have not pled any actual damages: future, speculative, or emotional damages are not recoverable under a breach of implied contract claim.

Further, Plaintiffs' claims regarding HIPAA-HITECH are misguided. Food for the Poor is not a HIPAA covered entity, and Plaintiffs do not allege any facts demonstrating that they are. The HIPAA rules state that: "(a) Except as otherwise provided, the standards, requirements, and implementation specifications adopted under this subchapter apply to the following entities: (1) A health plan. (2) A health care clearinghouse. (3) A health care provider who transmits any health information in electronic form in connection with a transaction covered by this subchapter." 45 CFR § 160.102.  Food for the Poor is not, and Plaintiffs do not allege that they are, a health plan,

health care clearinghouse, or health care provider. While Food for the Poor offers an employee health plan, the employee health plan is distinct from the company itself, which is considered the plan sponsor. *See* U.S. Department of Health and Human Services, *As an employer, I sponsor a group health plan for my employees. Am I a covered entity under HIPAA?*, WWW.HHS.GOV, https://www.hhs.gov/hipaa/for-professionals/faq/499/am-i-a-covered-entity-under-hipaa/index.html (last accessed August 4, 2025). Pursuant to the Department of Health and Human Services, "the group health plan is considered to be a separate legal entity from the employer or other parties that sponsor the group health plan. Neither employers nor other group health plan sponsors are defined as covered entities under HIPAA." *Id.* Further, other than Plaintiffs' conclusory allegation, there is no evidence "protected health information" was impacted and this allegation is undermined by their own exhibits. The letters received by Plaintiffs (*see* Exhibit A, 2, ECF No. 20-1 and Exhibit A, 5, ECF No. 20-1) make no reference to "protected health information" being impacted, and in fact, information provided to an employer by an employee is excluded from the definition of same: "Protected health information excludes…[information] [i]n employment records held by a covered entity in its role as employer." 45 CFR § 160.103.

Nonetheless, Plaintiffs fail to plead any facts that establish mutual assent or a meeting of the minds between the parties that reflect Food for the Poor's intent to be bound by obligations as alleged in the Complaint. As the Complaint currently stands, Plaintiffs do not allege what conduct by Food for the Poor supports the creation of an implied contract to provide data protection services. Therefore, this claim should be dismissed with prejudice.

### 3.   Plaintiffs' Declaratory Judgement Claim Should Be Dismissed

The Declaratory Judgment Act allows a court, in the case of an actual controversy, to "declare the rights and other legal relations of any interested party seeking such declaration,

whether or not further relief is or could be sought." 28 U.S.C. § 2201. "Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment." 28 U.S.C. § 2202. To state a claim for relief under the Declaratory Judgment Act and satisfy the "actual controversy" requirement, a plaintiff must adequately allege a dispute that is: (1) "definite and concrete, touching the legal relations of parties having adverse legal interests"; (2) "real and substantial"; and (3) "admit[ting] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007).

When seeking declaratory relief, a plaintiff "must 'allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future.' And that future injury must be 'real,' 'immediate,' and 'definite.'" *Mack v. USAA Cas. Ins. Co.*, 994 F.3d 1353, 1357 (11th Cir. 2021) (internal citations omitted). The Supreme Court has held that a plaintiff may rely on a potential future injury to establish standing to seek "forward-looking" injunctive relief, "at least so long as the risk of harm is sufficiently imminent and substantial." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 435 (2021) (internal citations omitted).  The Eleventh Circuit has held that "the remote possibility that a future injury may happen is not sufficient to satisfy the 'actual controversy' requirement for declaratory judgments." *Emory v. Peeler*, 756 F.2d 1547, 1552 (11th Cir. 1985).

As discussed above, the Plaintiffs have not pled "imminent and substantial" risk of harm. They have not pled that they found Food for the Poor's data on the dark web, that information from the Event has actually been misused, that they have suffered identity theft, monetary loss, or any other facts that other courts have found sufficient to demonstrate imminent harm.

Furthermore, Plaintiffs' requests are related to the alleged breach, which already occurred, and they have not alleged any continuing injury. *See Holt v. Crist*, 233 F. App'x 900, 903 (11th Cir. 2007) (the court upheld district court's dismissal of plaintiff's claims for declaratory and injunctive relief because the factual allegations related to past conduct and no allegation related to a continuing injury); *see also Cravens,* No. 24-CV-80400-RLR, 2024 WL 5058304, at *15 ("to the extent [p]laintiffs seek a declaration about the propriety of Garda's past conduct, that issue is inextricably intertwined with [p]laintiffs' substantive claims" and noting that a Court has "substantial discretion in deciding whether to declare the rights of litigants" and can dismiss the action if it "serves no useful purpose."). Further, Plaintiffs' requests are not related to the facts and alleged injuries pled here; they are aimed at preventing a hypothetical future breach. Such claims are inappropriate for declaratory judgment. A request for declaratory judgment is "untimely if the questionable conduct has already occurred or damages have already accrued." *Aldrich v. Young*, 2013 WL 3802436, at *9 (D. Mass. 2013) (quotation marks omitted), *aff'd*, 2015 WL 13926793 (1st Cir. 2015). Because the Plaintiffs do not plead facts suggesting a second cyber-attack is imminent and substantial, their requests that Food for the Poor make forward looking data security improvements are not appropriate for declaratory judgment. *See Cahill v. Mem'l Heart Inst*., LLC, No. 1:23-CV-168, 2024 WL 4311648, at *16 (E.D. Tenn. Sept. 26, 2024). Consequently, Plaintiffs' declaratory judgment claim should be dismissed with prejudice because they have not pled any facts that show any ongoing or continuing injury.

In addition, Plaintiffs' request for declaratory judgment would not redress that harm they alleged occurred as a result of the Event, and the Complaint fails to discuss how Plaintiffs' and the punitive class members' risk of future injury is real, immediate and substantial to support a declaratory judgment. *See Mack*, 994 F.3d at 1357. Finally, to the extent the other claims are

19

dismissed, the declaratory judgment action should be dismissed because it is a "procedural device…which cannot stand on its own." *Fisher v. Harley-Davidson Motor Group, LLC*, No. 2:19-CV-14154, 2019 WL 8014364, at *5 (S.D. Fla. Oct. 18, 2019)(internal citation omitted). For these reasons, Plaintiffs' declaratory relief is not proper and should be dismissed with prejudice.

## IV.   CONCLUSION

Plaintiffs fail to allege legally cognizable damages or facts sufficient to give rise to a claim upon which relief can be granted with respect to its causes of action for negligence, breach of implied contract, and declaratory judgment.

**WHEREFORE**, and based upon the foregoing, Defendant Food for the Poor, Inc., respectfully requests that this Court grant the instant Motion and dismiss Plaintiffs' Amended Class Action Complaint with prejudice with respect to its causes of action for negligence, breach of implied contract, and declaratory judgment.

Dated: August 4, 2025                    Respectfully submitted,

*/s/ Sarah A. Long*_____
SARAH A. LONG, ESQ.
Florida Bar No.: 0080543
**MCDONALD TOOLE RICHMAN
& CORRENTI, P.A.**
111 N. Magnolia Avenue, Suite 1200
Orlando, FL 32801
Telephone: (407) 246-1800
slong@mtrclegal.com

**EDWARD J. FINN, ESQ.**
*Pro Hac Vice*
**CLAUDIA MCCARRON, ESQ.**
*Pro Hac Vice*
**MULLEN COUGHLIN LLC**
426 W. Lancaster Avenue, Suite 200
Devon, PA 19333
Telephone: (267) 930-4776
efinn@mullen.law; cmccarron@mullen.law
*Attorneys for Food for the Poor, Inc.*

20

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on August 4, 2025, the foregoing was electronically filed with the Clerk of Court via the CM/ECF system, which will send a notice of electronic filing to the following counsel of record:

> Jonathan M. Streisfeld, Esq., Jeff Ostrow, Esq., KOPELOWITZ OSTROW FERGUSON WEISELBERG GILBERT, 1 West Las Olas Blvd, Suite 500, Ft. Lauderdale, FL 33301; streisfeld@kolawyers.com and ostrow@kolawyers.com (*Interim Class Co-Counsel*)

> Mariya Weekes, Esq., MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC, 201 Sevilla Avenue, 2nd Floor Coral Gables, Florida 33134; mweekes@milberg.com (*Interim Class Co-Counsel*)

> */s/ Sarah A. Long*
> **SARAH A. LONG, ESQ.**
> Florida Bar No. 0080543
> **MCDONALD TOOLE RICHMAN & CORRENTI, P.A.**
> 111 N. Magnolia Avenue, Suite 1200
> Orlando, FL 32801
> Telephone: (407) 246-1800
> Facsimile: (407) 246-1895
> Email: slong@mtrclegal.com

> **EDWARD J. FINN, ESQ.**
> *Pro Hac Vice*
> **MULLEN COUGHLIN LLC**
> 426 W. Lancaster Avenue, Suite 200
> Devon, PA 19333
> Telephone: (267) 930-4776
> Email: efinn@mullen.law

> **CLAUDIA MCCARRON, ESQ.**
> *Pro Hac Vice*
> **MULLEN COUGHLIN LLC**
> 426 W. Lancaster Avenue, Suite 200
> Devon, PA 19333
> Telephone: (267) 930-4787
> Email: cmccarron@mullen.law

> *Attorneys for Defendant, Food for the Poor, Inc.*

21