UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:25-cv-60973-EA

In re Food for the Poor, Inc.,
Data Breach Litigation

_____/

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

This cause comes before the Court on the defendant's motion to dismiss [22]. For the reasons stated below, the Court grants the motion and dismisses the amended complaint without prejudice.

**Background**

As alleged in the amended complaint, the defendant is a charitable organization that helps impoverished people around the world. In September 2024, the defendant was the victim of a cyber attack where sensitive, confidential, and private information was stolen by hackers.

The plaintiffs represent a class of current and former employees of the defendant, family members of such employees, and individuals who donated to the defendant who were required to provide the defendant with their private information for either employment or donation purposes. The plaintiffs have filed this action against the defendants for damages relating to the plaintiff's private data being stolen in the cyber attack.

The plaintiffs allege three causes of action against the defendant: (1) negligence ("Count I"), (2) breach of an implied contract ("Count II"), and (3) declaratory relief ("Count III"). In response, the defendant filed this motion to dismiss, arguing that all three Counts should be dismissed because they either constitute shotgun pleadings or fail to state a claim.

## Analysis

A complaint "must contain[] . . . a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). If a complaint does not comply with this Rule, it can be dismissed either for failure to state a claim or as a "shotgun pleading." *See* Fed. R. Civ. P. 12(b)(6); *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) (stating that a pleading that violates Rule 8(a)(2) is known as a "shotgun pleading' and must be dismissed under the Rules).

A pleading sufficiently states a cause of action if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 5550 U.S. 544, 570 (2007)). A pleading "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." But "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557); *see also Twombly*, 550 U.S. at 557 (explaining that "a naked assertion . . . without some further factual enhancement" fails to satisfy the pleading requirements).

Additionally, a pleading is a "shotgun pleading" if it fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323. An example of this is a pleading "that commits the sin of not separating into a different count each cause of action or claim for relief." *Id.*

Here, the complaint must be dismissed because none of the three Counts comply Rule 8(a)(2).

*Count I*

In Count I, the plaintiffs assert *at least four different* theories of negligence: (1) negligent maintenance of the defendant's security systems, (2) negligent warning in a timely manner of when the data breach occurred, (3) negligent training of employees, and (4) negligent supervision of agents. Because Count I contains multiple different theories of negligence, it is a shotgun pleading. *See, e.g.*, *Desue v. 20/20 Eye Care Network, Inc.*, No. 21-civ-61275-RAR, 2022 U.S. Dist. LEXIS 45936, at *23 (S.D. Fla. Mar. 15, 2022) ("Plaintiffs' negligence claim is a classic shotgun pleading. Within one count of negligence, Plaintiffs plead multiple causes of action, including a common law theory of negligence, negligence *per se*, negligent hiring, negligent training, and negligent supervision.").

Thus, Count I must be dismissed.[1] *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) ("A district court has the 'inherent authority to control its docket and ensure the prompt resolution of lawsuits,' which includes the ability to dismiss a complaint on shotgun pleading grounds." (quoting *Weiland*, 792 F.3d at 1320)).

*Count II*

Under Florida law, the elements of an implied contract are "the existence of a contract, a material breach, and resulting damages." *Baron v. Osman*, 39 So. 3d 449, 451 (Fla. 5th DCA 2010). A contract exists if there is "a meeting of the minds on all essential terms and obligations of the contract." *Browning v. Peyton*, 918 F.2d 1516, 1521 (11th Cir. 1990) (citing *O'Neill v. Corp. Trs., Inc.*, 376 F.2d 818, 820 (5th Cir. 1967) (construing Florida law)). When it is alleged that a contract is implied, whether such a meeting of the minds has occurred is "based on the parties' conduct[.]" *Baron*, 39 So. 3d at 451.

---

[1] Because the Court dismisses Count I for being a shotgun pleading, it does not address the defendant's remaining arguments that Count I does not sufficiently allege causation and damages.

There is such a meeting of the minds in an alleged implied contract for data security only "in transactions where consumers are solicited or invited to provide personal information in exchange for a good or service." *In re Fortra File Transfer Software Data Sec. Breach Litig.*, 749 F. Supp. 3d 1240, 1265 (S.D. Fla. 2024) (quoting *In re Mednax Servs.*, 603 F. Supp. 1183, 1221 (S.D. Fla. 2022)). But this "good or service" must be akin to "data security services" and not a "good or service" that has a "merely incidental" data security benefit. *See In re Mednax Servs.*, 603 F. Supp. at 1215 (citing *Kuhns v. Scottrade, Inc.*, 868 F.3d 711, 719 (8th Cir. 2017)).

Here, Count II alleges that "Plaintiffs and the Class delivered their Private Information to Defendant as part of the process of obtaining employee benefits from or . . . making charitable donations to Defendant." Thus, because "obtaining employee benefits" and "making charitable donations" are not "data security services," Count II fails to state a claim for breach of an implied contract and must also be dismissed.

## Count III

The Declaratory Judgment Act states that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

To state a claim for relief under the Declaratory Judgment Act, the complaint must allege that the underlying dispute is (1) "definite and concrete, touching the legal relations of parties having adverse legal interests[,]" (2) "real and substantial[,]" and (3) "admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the would be upon a hypothetical state of facts." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (third alteration in original) (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-

41 (1937)).

This requires a plaintiff to "allege facts from which it appears there is a *substantial likelihood* that he will suffer injury in the future." *Mack v. USAA Cas. Ins. Co.*, 994 F.3d 1353, 1357 (11th Cir. 2021) (emphasis added) (quoting *Malowney v. Fed. Collection Deposit Grp.*, 193 Fo.3d 1342, 1346 (11th Cir. 1999)).  In other words, "[t]he *remote possibility* that a future injury may happen is not sufficient to satisfy the 'actual controversy' requirement for declaratory judgments." *Emory v. Peeler*, 756 F.2d 1547, 1552 (11th Cir. 1985) (emphasis added).

Here, Count III does not state a claim for relief under the Declaratory Judgment act because it does not allege a substantial likelihood of future injury.

As to future injury, Count III alleges that "the risk remains that further compromises of [the plaintiffs'] Private Information will occur in the future."  But this does not allege that another data breach *is* about to occur and cause further harm to the plaintiffs.  Instead, it merely states that there is a *possibility* that the plaintiffs could suffer harm *if* there is another data breach.  Thus, Count III alleges only that there is a "remote possibility," as opposed to a "substantial likelihood," of future harm.

Therefore, Count III must also be dismissed for failure to state a claim.

## Conclusion

None of Counts I, II, or III comply with Rule 8(a)(2).  Therefore, it is **ORDERED AND ADJUDGED**:

1. The defendant's motion to dismiss [22] is **GRANTED**.
2. The plaintiff's amended complaint [20] is **DISMISSED WITHOUT PREJUDICE**.
3. The plaintiffs shall have **fourteen days** from the issuance of this order to file an amended complaint that complies with the Federal Rules of Civil Procedure.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 17th day of November 2025.

_____
ED ARTAU
UNITED STATES DISTRICT JUDGE

CC:

**Jonathan Marc Streisfeld**
Kopelowitz Ostrow
One West Las Olas Boulevard
Suite 500
Fort Lauderdale, FL 33301
954-525-4100
Fax: 954-525-4300
Email: streisfeld@kolawyers.com

**Jeffrey Miles Ostrow**
Kopelowitz Ostrow PA
1 W. Las Olas Blvd.
Suite 500
Fort Lauderdale, FL 33301-4216
954-525-4100
Fax: 954-525-4300
Email: ostrow@kolawyers.com

**Mariya Weekes**
Milberg Coleman Bryson Phillips Grossman, PLLC
201 Sevilla Avenue, 2nd Floor
Coral Gables, FL 33134
954-647-1866
Email: mweekes@milberg.com

**Claudia D. McCarron**
Mullen Coughlin LLC
426 West Lancaster Avenue Suite 200
Devon, PA 19333
267-930-4787
Email: cmccarron@mullen.law
*PRO HAC VICE*

**Edward J. Finn**
Mullen Coughlin, LLC
426 W. Lancaster Ave., Ste. 200
Denvon, PA 19333
(267) 930-4776
Email: efinn@mullen.law
*PRO HAC VICE*

**Sarah Anne Long**
McDonald Toole Richman & Correnti, P.A.
111 North Magnolia Avenue
Suite 1200
Orlando, FL 32801
407-246-1800
Email: slong@mtrclegal.com